IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY McHENRY, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 05 C 3119 |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

After having attained "prevailing party" status through this Court's remand of his social security action, Gregory McHenry ("McHenry") has requested an award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412 ("Section 2412"). With the United States now having responded to that motion, it is ripe for decision.

It is of course conventional wisdom that a substantive victory for a party who has sued the United States or any of its agencies or any of its officials acting in an official capacity does not provide an automatic ticket to success under EAJA. Instead Section 2412(b)(1)(A) calls for the denial of such an award to a prevailing party if "the court finds that the position of the United States was substantially justified...." In this instance, although this Court's November 3, 2005 memorandum order held that the Administrative Law Judge's ruling was flawed so that a remand was required, the United States' response to McHenry's motion plainly demonstrates that the Commissioner's

administrative and litigation position was "substantially justified" within the meaning taught by the Supreme Court in Pierce v. Underwood, 487 U.S. 552, 563-68 (1988) and Comm'r v. Jean, 496 U.S. 154, 161-62 (1990).

It is unnecessary to rehearse the basis for that conclusion, which is carefully (and accurately) spelled out at United States Mem. 2-6. Although this Court should not be misunderstood as retreating in any respect from its ultimate ruling on the merits, it cannot be said that the positions advanced on behalf of the Commissioner were not "justified to a degree that could satisfy a reasonable person" (Pierce, 487 U.S. at 565).

Accordingly McHenry's motion is denied. This makes it unnecessary to address the United States' fallback position that "McHenry's fees are exorbitant in light of the very limited issue raised in this case," an assertion at United States Mem. 1 that was never mentioned or supported later in that memorandum.

Milton I. Shadur
Senior United States District Judge

Date: December 9, 2005